1
2
3
4
5
6
7
8
9
10

# U.S. DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| Dongguan Zhenmeng Trading Co. Ltd., | Case No.: 2:25-cv-01037-DWC |
| Plaintiff, | |
| v. | **DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND THIRD PARTY COMPLAINT** |
| Reliant Engineering and Manufacturing Services, Inc., | |
| Defendant. | **JURY TRIAL DEMAND** |
| Reliant Engineering and Manufacturing Services, Inc. dba ReliantEMS Corp., | Hon. David W. Christel |
| Counterclaimant Plaintiff, | |
| v. | |
| Dongguan Zhenmeng Trading Co., Ltd., | |
| Counterclaimant Defendant, | |
| and | |
| Lunheat Technology, Inc., | |
| Third Party Defendant. | |

In response to Plaintiff's Complaint for Declaratory Judgment ("Complaint"), Defendant Reliant Engineering and Manufacturing Services, Inc. dba ReliantEMS Corp. ("Reliant") answers Dongguan Zhenmeng Trading Co., Ltd. ("DZTC" or "Plaintiff") Complaint, and asserts the Affirmative Defenses, Counterclaims, and Third Party Claims as against Third Party Defendant Lunheat Technology, Inc ("LUN"). Collectively DZTC and LUN are known as "Infringing Parties".

## RELIANT'S ANSWER

For the material allegations of the Complaint, Defendant Reliant hereby answers the Complaint as follows:

## NATURE OF THE ACTION

1. With regards to the allegations of paragraph 1, Reliant denies.

**2.** With regards to the allegations of paragraph 2, this is a statement of law and no response is required, but to the extent that a response is required, Reliant cannot admit or deny, so therefore denies.

## THE PARTIES

3. With regards to the allegations of paragraph 3, Reliant lacks any information or belief to admit or deny the specifics of DZTC's business, so therefore denies.

4. With regards to the allegations of paragraph 4, Reliant lacks any information or belief to admit or deny who and where DZTC distributes their products through, so therefore denies.

5. With regards to the allegations of paragraph 5, Reliant admits it is organized and existing under the laws of California, with a principal place of business at the location listed, but denies that DZTC is the entity referenced in this paragraph.

6. With regards to the allegations of paragraph 6, Reliant admits.

## JURISDICTION AND VENUE

7. With regards to the allegations of paragraph 7, Reliant admits.

8. With regards to the allegations of paragraph 8, Reliant admits.

9. With regards to the allegations of paragraph 9, Reliant admits.

10. With regards to the allegations of paragraph 10, Reliant admits.

## FACTUAL BACKGROUND

11. With regards to the allegations of paragraph 11, Reliant lacks any information or belief to admit or deny the specifics of the actions of DZTC or Amazon.com, so therefore denies.

12. With regards to the allegations of paragraph 12, Reliant admits.

13. With regards to the allegations of paragraph 13, Reliant admits that the referenced copy of one of its products on Amazon, LunchEAZE Core, is true and correct.

14. With regards to the allegations of paragraph 14, Reliant admits that the text on its product packaging is part of Defendant's protected copyright.

15. With regards to the allegations of paragraph 15, Reliant admits.

16. With regards to the allegations of paragraph 16, Reliant lacks any information or belief to admit or deny the specifics of the actions of DZTC or Amazon.com, so therefore denies.

17. With regards to the allegations of paragraph 17, Reliant denies.

## COUNT 1

**(Declaratory Judgment of Non-Infringement of the Copyright)**

18. With regards to the allegations of paragraph 18, Reliant incorporates as if referenced herein the denials and admissions set forth herein in paragraphs 1 through 17.

19. With regards to the allegations of paragraph 19, Reliant admits.

20. With regards to the allegations of paragraph 20, Reliant admits.

21. With regards to the allegations of paragraph 21, Reliant denies.

22. With regard to the allegations of paragraph 22, this is a statement of law and no response is required, but to the extent that a response is required, Reliant cannot admit or deny, so therefore denies.

23. With regards to the allegations of paragraph 23, Reliant denies.

24. With regards to the allegations of paragraph 24, Reliant denies.

25. With regards to the allegations of paragraph 25, Reliant admits.

26. With regards to the allegations of paragraph 26, Reliant denies.

27. With regards to the allegations of paragraph 27, Reliant denies.

28. With regards to the allegations of paragraph 28, Reliant denies that the asserted copyright is invalid and that DZTC's products do not infringe Reliant's copyrighted products and/or packaging; but admit that such DZTC is requesting a declaratory judgment.

29. With regards to the allegations of paragraph 29, Reliant denies.

## PLAINTIFF'S PRAYER FOR RELIEF

Reliant denies the right to recover those sums and requests identified in the DZTC's prayer in request numbers (a) through (k).

## AFFIRMATIVE DEFENSES

30. In addition to the above responses to DZTC's allegations, Reliant asserts that the following Affirmative Defenses to bar DZTC from seeking any relief whatsoever from Reliant.

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim for Relief)

31. DZTC's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
(Failure to Mitigate Damages and No Actual Damage)

32. DZTC has made no attempt to mitigate any actual or perceived damages and has suffered no damage.

**THIRD AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

33.  DZTC's claims are barred due to unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**
**(Offset)**

34.  To the extent that DZTC or LUN recovers any damages, which damages are denied, Defendant Reliant is entitled to an offset due to damages claimed in its Counterclaim alleged below.

**FIFTH AFFIRMATIVE DEFENSE**
**(Failure to Join Necessary Party)**

35.  This dispute involves Amazon's private contractual agreements for marketing DZTC products for which DZTC is required to join Amazon as a necessary party.

**SIXTH AFFIRMATIVE DEFENSE**
**(Improper Venue)**

36.  The parties have no connection with the Western District of Washington and any injury occurred, if any, in the Northern District of California.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Standing)**

37.  DZTC does not own the intellectual property at issue in this case.

**JURY TRIAL DEMAND**

Pursuant to FRCP 38, Reliant hereby demands a jury trial on all matters.

# COUNTERCLAIMS AND THIRD PARTY COMPLAINT

Counterclaimant by and through counsel hereby brings these Counterclaims by Reliant pursuant to FRCP 13 as against Counterdefendant DZTC and third party defendant LUN as follows:

## PARTIES

38. Counterclaimant Reliant Engineering and Manufacturing Services, Inc. dba ReliantEMS Corp. ("Reliant") is a corporation organized and existing in the state of California, with a principal place of business in Fremont, California.

39. Counterdefendant Dongguan Zhenmeng Trading Co., Ltd. ("DZTC" or "Counterdefendant") is a limited liability company organized and existing under the laws of the People's Republic of China, having its principal place of business located at Room 702, No. 19, 9th Alley, Daning South Gate, Humen Town, Dongguan City, Guangdong, China. Third party defendant Lunheat Technology, Inc. is a Hawaiian Corporation located on the island of Molokai.

## JURISDICTION AND VENUE

40. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 as the counterclaims are federal question and under 28 U.S.C. §§ 1338 counterclaims for copyright and trademark infringement. This Court has pendent jurisdiction over all state law claims. This Court has diversity jurisdiction as the parties are diverse and the amount in controversy exceeds $75,000.00.

41. Personal jurisdiction over Counterdefendant DZTC has been established by its voluntary act of filing of a Complaint and submission to the jurisdiction in the Western District of Washington. Personal jurisdiction over Third Party Defendant has been established by Infringing Parties tortious acts directed at Reliant, namely the marketing of a confusingly similar product and

making false representations.

42.  Venue is proper in this Court due to DZTC's filing of its Complaint in this judicial district.  However, Reliant reserves the right to move this Court to transfer venue at a later date in the interests of judicial economy in that Reliant is located in Fremont, California, and the evidence and witnesses is primarily located in Fremont, California.

## FACTUAL BACKGROUND

<u>Reliant Innovates the Portable Self Heating Lunchboxes (PSHLB) Market in 2018</u>

43.  Portable Self Heating Lunchboxes (PSHLB) are computer controlled heated lunch carriers designed for individuals that work in off-site jobs where access to microwave ovens and fast food is difficult to obtain.  Example of such jobs are: building construction, emergency medical, police and fire, and forestry.  PSHLB also aid those with special dietary needs, such as foods that have to be specially prepared without allergenic ingredients (peanut).

44.  Reliant is a company that specializes in custom design, fabrication, prototyping, and coordination of the manufacturing of products in the PSHLB category. As an innovator in the PSHLB product category Reliant incorporates innovative features into their products.  Reliant's PSHLB products are marketed under the LunchEAZE brand name.

45.  In March of 2019, Reliant launched the defining PSHLB product in the portable under the "LunchEAZE" brand on Kickstarter.  The product was marketed on Kickstarter as shown below:



46.     LunchEAZE's received immediate success in the PSHLB product category. LunchEAZE website shows an average of 100,000+ unique website visitors per month. LunchEAZE has invested significant sums in its development and marketing both online via its website and on social media, including on its Instagram account where it has over 200,000 followers. Other internet metrics, such as number of unique visitors on the website www.luncheaze.com has shown over 100,000 unique visitors per month since mid 2022.  Further, LunchEAZE has significant social media following on TikTok, Facebook, and Youtube.

47.     Comments on other social media platforms reinforce consumers preference for LunchEAZE products.   An example of such comments include:

> I work a blue collar job and have a luncheaze. Been using it every day for a year plus. Cant say enough good about it. It was pricey but so worth it. I bought extra metal containers and meal prep on sundays so that way i have 4 hot meals prepped and ready to go for the week and dont have to think about it. I used to hate cold lunch every day and spending too much on eating out but this has been the solution for that. Love leftover pasta in it for super cheap. Also heats up frozen stuff.

48.     Reliant's LunchEAZE's product trade dress ("LunchEAZE PTD") has come to be recognize by consumers as a result of extensive marketing since the initial Kickstarter launch in 2018.  The LunchEAZE PTD generally consists of a rectangular box which a hinged lid cover that attaches on the front facing surface. The hinged cover has flexible latches that keep the lid closed. Sides of the rectangular box have lateral grooves running from top to bottom.  The bottom portion of the front of the rectangular box has an inset control panel.

<u>Innovative Competitors adopt different PSHLB designs.</u>

49.     There are numerous significant alternate design configurations for products in the PSHLB product category.  Examples of which are "Steambox", "Heatsbox Go", and "HotBento".

For example, Steambox has a rounded design with a bamboo top that resembles a traditional bento box.

<u>Consumer's will confuse LunchEAZE's PTD with LunHeat's product lauched in 2024 on Amazon and other social media platforms.</u>

50.     In 2024, counterdefendant DZTC and third-party defendant LUN (collectively "Infringing Parties"). launched a product called "LunHeat".   Lunheat's product configuration , packaging, and collateral marketing materials mimic'ed LuchEAZE's PTD.   DZTC's Lunheat product is imitative in several aspects, unremarkably:

a.     The LunHeat product dimensions are an almost exact replica of Reliant's LunchEAZE with a number of key aspects duplicated.    The LunHeat product mimics LunchEAZE's trapezoidal prism box configuration with stylized side face ribbings.

b.     The  LunHeat lid configuration an almost exact replica of Reliant's LunchEAZE's lid configuration, including hinge placement and ornamental tie-down flexible latches.

c.     The LunHeat user interface replicates Reliant's user interface for setup and operational control.

d.     Lunheat's product packaging is almost identical in form and content, with certain text on the product packaging indicating it was derived from Reliant's product packaging. Comparative exemplars show how DTZC failed to remove the word "Core" when replicating DTZC's box design and only modifying a few parts (note the use of  "*" by Lunheat to replace "x").

|  **Reliant LunchEAZE**  <br> **Product Packaging Panel** | **DTZC LunHeat** <br> **Product Packaging Panel** |
|---|---|
|  |  |

Consumer's have actually confused  LunchEAZE's products with LunHeat's products

51.    In 2024, after Infringing Parties launched  "LunHeat" which mimiced the PTD  of LunchEAZE, on Amazon and other sales sites (such as Walmart.com),  there was actual confusion by consumers.  Notably.

a. Consumer's returned DTZC's Lunheat products to Reliant for product warranty support and repair.

b. Consumers requested technical support on DTZC's Lunheat products believing that Reliant was the manufacturer and supplier of these products.

Infringing Parties's misleads consumers with inaccurate, misleading, and deceptive product marketing.

52.    In addition to DTZC's mimicry of LunchEAZE's, DTZC has made false representations about their own product's capabilities, notably on the popular Amazon marketing platform.  These false advertising claims:

a. Infringing Parties inconsistently represents to the consuming public that the key component of the product, the battery, has different voltages and capacities.

b. Infringing Parties inconsistently represents to the consuming public that heating

Page 10 – Case No. 2:25-cv-01037-DWC

DEFENDANT' S ANSWER, AFFIRMATIVE DEFENSES  AND COUNTERCLAIMS AND THIRD PARTY COMPLAINT

levels, a key operational aspect of their product (e.g. it is a heated lunch box).

c. Infringing Parties market their products as having "No Leaks" and "Leak Proof", but testing demonstrates product leakage.

d. Infringing parties also uses false representations on product capacity in their comparative marketing materials. These false representations are best illustrate by the following graphic for LunHeat depicting that over seven "steaks" can fit into a LunHeat container, not to mention the deceptive math error.



## CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**(Trade Dress Infringement - 15 U.S.C. § 1125(a))**
**Against Infringing Parties**

53.   Reliant hereby incorporates by this reference each and every allegation contained in paragraphs 1 through 52 above as if fully set forth herein.

54.   Reliant has sold the LuchEAZE products in the PSHLB product category using numerous product channels including, but not limited to, Amazon and direct website marketing. These products have been sold across the United States and internationally, and therefore are goods sold in interstate commerce.

55.    Reliant has acquired product trade dress protection in the LunchEAZE's PTD as a result of extensive marketing and consumer recognition of Reliant's LunchEAZE's PTD.

56.   Infringing Parties have infringed on the LunchEAZE's PTD by producing,

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS AND THIRD PARTY COMPLAINT

manufacturing, offering to sell, and selling, the LunHeat product that gives the consumer an overall impression that they are looking at an authentic LunchEAZE's products which has caused actual confusion and is likely to cause future consumer confusion.

57. Reliant has been damaged by the sale of the LunHeat products notably by lost past sales, lost future sales, brand value dimishment, additional investments in marketing to offset costs due the LunHeat trade dress infringement.

**SECOND CAUSE OF ACTION**
**(False Advertising under the Lanham Act)**
**Against Infringing Parties**

58. Reliant hereby incorporates by this reference each and every allegation contained in paragraphs 1 through 57 above as if fully set forth herein.

59. At all material times hereto, Infringing Parties disseminated to the public its "Lunheat" product in direct competition as Reliant's LunchEAZE products.

60. Infringing Parties made false and misleading statements in its advertising of the Lunheat product's characteristics and qualities by using identical or nearly identical statements, text, art and pictures on the packaging of its Lunheat product. These statements were intended to induce consumers to select Lunheat product over Reliant's LunchEAZE product.

61. Based on Infringing Parties' marketing and advertising for sale its Lunheat product, actual deception occurred, or at least a tendency to deceive a substantial portion of intended consumers. This deception by the Infringing Parties was material in that it is likely to influence purchasing decisions by consumers looking to purchase a lunchbox product.

62. Infringing Parties' advertised products travel in interstate commerce to reach United States consumers, knowing that Infringing Parties' actions will likely injure Reliant.

63. As a result of the deceptive and misleading advertising, Reliant has been damaged in the form of lost profits, future lost profits, other damages to be proven at trial.

## THIRD CAUSE OF ACTION
### (Violation of Washington Unfair Business Practices Act – RCW 19.86)
### Against Infringing Parties

64. Reliant hereby incorporates by this reference each and every allegation contained in paragraphs 1 through 63 above as if fully set forth herein.

65. The Infringing Parties have sold the Lunheat product in the state of Washington and other states making false representations regarding LunHeat's product's performance characteristics and operational performance.

66. Infringing Parties false and deceptive advertising is an unfair method of competition, is deceptive and is injurious to consumers who purchase in the State of Washington, but also for consumers that purchase through the Amazon platform.

## FOURTH CAUSE OF ACTION
### (False Advertising Under California Bus. & Prof. Code § 17500 and Unfair Competition under § 17200)
### Against Infringing Parties

67. Reliant hereby incorporates by this reference each and every allegation contained in paragraphs 1 through 66 above as if fully set forth herein.

68. Infringing Parties has made untrue and/or misleading statements in the advertising of its inferior "Lunheat" product that they knew, or should have known, were false. Such statements were intended to pass off DZTC's Lunheat as Reliant's LunchEAZE product.

69. Infringing Parties utilized identical or substantially similar text and/or marks as those that are on Reliant's LunchEAZE product packaging. By doing so, Infringing Parties failed to exercise reasonable care and due diligence in ensuring their advertising and/or marketing claims were accurate.

70. As a result of the false advertising by Infringing Parties, Reliant was damaged in an amount to be proven at trial.

# PRAYER FOR RELIEF

WHEREFORE, Counterclaimant Reliant prays for judgment in its favor and against Infringing Parties. jointly and severally, as follows:

A. For the actual damages, lost profits, future lost profits, and costs of corrective advertising disgorgement of profits that Infringing Parties. have received from the sale of its "Lunheat" product as provided for by statute;

B. For a permanent injunction directing the Infirnging Parties and/or any of its agents or subsidiaries to refrain from using the same packaging text, art and design as that of Reliant's LunchEAZE products in violation of Reliant's trademark;

C. Statutory Damages as provided by law;

D. For attorneys' fees authorized by statute if the Court finds such an award appropriate;

E. For costs of suit and other costs, including but limited to investigation and expert fees;

F. For such other relief as the Court may deem just and proper.

Respectfully submitted by:

Dated:  June 25, 2025        /s/ J. Curtis Edmondson

_____
J. Curtis Edmondson, SBN 43795
Attorneys for Defendant and Counterclaimant